# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**RODNEY WILLIAMS**                                                                                   **PLAINTIFF**

**v.**                                      **Case No. 4:19-cv-00082-KGB-BD**

**ARKANSAS OFFICE OF**
**CHILD SUPPORT**                                                          **DEFENDANT**

## ORDER

Plaintiff Rodney Williams initiated this case by filing a "Notice of Demand . . . ." (Dkt. No. 2). Before the Court is Mr. Williams' motion to proceed *in forma pauperis* (Dkt. No. 1) and motion for discovery (Dkt. No. 4). For the following reasons, the Court grants the motion to proceed *in forma pauperis* (Dkt. No. 1). The Court denies without prejudice at this time Mr. Williams' motion for discovery (Dkt. No. 4). Additionally, Mr. Williams' complaint contains vague claims against multiple parties and must be amended. Accordingly, if Mr. Williams intends to pursue this lawsuit, he must submit, no later than 30 days after the entry date of this Order, an amended complaint containing the information specified in Section III of this Order. Mr. Williams' failure to do so could result in the dismissal of his complaint.

      **I.**      *In Forma Pauperis* **Application**

Based on Mr. Williams' application, he has neither the funds nor the income to pay the filing fee. Therefore, the Court grants his motion to proceed *in forma pauperis* and permits Mr. Williams to proceed without prepayment of the filing fee (Dkt. No. 1).

      **II.**     **Motion For Discovery**

Mr. Williams filed a motion for discovery (Dkt. No. 4). His motion is premature, based on the stage of this litigation. *See* Fed. R. Civ. P. 26. A defendant or defendants in this action have not been served with Mr. Williams' complaint. The Court denies the motion without prejudice.

### III. Complaint

While Mr. Williams is not incarcerated, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must screen Mr. Williams' complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Mr. Williams' complaint is vague and confusing. Specifically, Mr. Williams states that "[t]he intention of this notice of demand is for this court to redress and remedy a default judgment entered against Rodney Williams by a court without jurisdiction to enter default judgment" (Dkt. No. 2, at 2). Mr. Williams does not, however, identify the court that he is seeking relief against, nor does he identify which default judgment he is challenging. Instead, Mr. Williams identifies the Arkansas Department of Child Support as the only defendant in this action. Further, throughout his complaint, Mr. Williams argues that "[t]his Court must clarify the evidence it relied upon," implying that he is challenging a default entered by this Court (Dkt. No. 2, at 5). This Court is unaware of any default judgment having been entered against Mr. Williams by this Court. Two months after filing his complaint, Mr. Williams filed a document titled "Income Withholding For Support," but he does not specify how this document is related to his claims (Dkt. No. 3). Thus,

it is unclear to the Court exactly which judgment and court Mr. Williams intends to challenge in his complaint. Further, it is unclear what role, if any, the Arkansas Office of Child Support played in the events about which Mr. Williams complains.

Accordingly, Mr. Williams must submit an amended complaint within 30 days from the date of this Order that complies with the Federal Rules of Civil Procedure and: (1) identifies the claims he intends to bring; (2) identifies the defendants he intends to sue; (3) contains a short statement of the specific role each defendant played or the specific acts each defendant took in causing the alleged injuries over which Mr. Williams intends to sue; and (4) describes the injuries Mr. Williams sustained. Mr. Williams' failure to comply with this Order could result in the dismissal of his lawsuit. *See* Local Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas ("If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.").

**IV.     Conclusion**

It is therefore ordered that:

1. Mr. Williams' motion for leave to proceed *in forma pauperis* is granted (Dkt. No. 1).

2. Mr. Williams' motion for discovery is denied (Dkt. No. 3).

3. Mr. Williams must file an amended complaint within 30 days of the date of this Order that complies with the conditions set forth in the Order. Mr. Williams' failure to do so may result in the dismissal of his complaint.

It is so ordered, this 11th day of September 2019.

                                                                                   Kristine G. Baker
                                                                                  United States District Judge